United States Court of Appeals
Fifth Circuit

**F I L E D**

November 21, 2006

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 05-50899

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT GLENN BROWN, JR.,

Defendant-Appellant.

Appeals from the United States District Court
for the Western District of Texas
(No. 6:04-CR-235-1)

Before BARKSDALE, BENAVIDES and OWEN, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

Convicted of being a felon in possession of a firearm, Robert Glen Brown, Jr., challenges only an obstruction-of-justice enhancement under Sentencing Guidelines § 3C1.1. **CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.**

I.

On 2 October 2003, Deputies from the Hill County Sheriff's Department responded to a domestic-disturbance call in Brandon, Texas, from Brown's girlfriend. She claimed Brown had threatened her on numerous occasions, telling her at one point he would kill her. The Deputies escorted her to Brown's residence (mobile home)

to retrieve her belongings.  In route to Brown's residence, the Deputies learned Brown had an outstanding arrest warrant.

When the Deputies arrived at the mobile home, they informed Brown they had a warrant for his arrest.  As a Deputy began to detain him, Brown broke free from the Deputy's grasp and ran into a heavily wooded area.  The Deputies pursued Brown but soon lost sight of him.  On returning to Brown's residence, the Deputies found a loaded .22 caliber rifle with the initials "RB" carved in the stock.

Brown remained a fugitive and was placed on the United States Marshal's most-wanted list in February 2004.  That June, he was apprehended in Laredo, Texas, over 200 miles from Brandon.

That December, a federal grand jury indicted Brown for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  In April 2005, Brown was convicted of that charge.

The Presentence Investigation Report (PSR) recommended, *inter alia*, a two-level upward adjustment for obstruction of justice, pursuant to Guidelines § 3C1.1, stating: "[Brown] escaped from the custody of the officers as they attempted to arrest him on October 2, 2003".  The recommended Guidelines sentencing range was 41 to 51 months.  In response to the PSR, Brown filed an objection to the obstruction-of-justice enhancement; he renewed it during his July 2005 sentencing hearing.  The district court adopted the PSR's recommendations, overruled Brown's objection without stating its

reasons for doing so, and sentenced Brown, *inter alia*, to 48 months in prison.

## II.

As noted, Brown challenges only the § 3C1.1 obstruction-of-justice enhancement. ***United States v. Booker***, 543 U.S. 220 (2005), held the Guidelines are now advisory, rather than mandatory; nevertheless, a district court is still required to properly determine the Guidelines range as part of the sentencing process. *See* ***United States v. Villegas***, 404 F.3d 355, 359 (5th Cir. 2005); ***United States v. Mares***, 402 F.3d 511, 518-519 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005). The imposed sentence is reviewed for reasonableness; if we find an error in the district court's Guidelines' calculation, however, we will "vacate the resulting sentence without reaching the sentence's ultimate reasonableness". ***United States v. Tzep-Mejia***, 461 F.3d 522, 526 (5th Cir. 2006).

For an obstruction-of-justice enhancement, the district court's factual findings — its findings as to what acts were performed — are reviewed only for clear error. *See* ***United States v. Holmes***, 406 F.3d 337, 363 (5th Cir.), *cert. denied*, 126 S. Ct. 375 (2005); *see also* ***United States v. Upton***, 91 F.3d 677, 687 (5th Cir. 1996) ("A finding of obstruction of justice under § 3C1.1 is a factual finding reviewed for clear error."), *cert. denied*, 520 U.S. 1228 (1997). "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole."

3

*Holmes*, 406 F.3d at 363 (quoting *United States v. Powers*, 168 F.3d 741, 752 (5th Cir.), *cert. denied*, 528 U.S. 945 (1999)).  A ruling that those findings permit an obstruction-of-justice enhancement is a question of law, reviewed *de novo*.  *See Villegas*, 404 F.3d at 359 ("[t]he district courts' interpretation and application of the Guidelines [is reviewed] *de novo*.").

Guidelines § 3C1.1 provides for a two-level increase if the defendant "*willfully* obstructed or impeded, or *attempted* to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction...."  U.S.S.G. § 3C1.1 (emphasis added).  In contending his conduct did *not* constitute such obstruction of justice, Brown first claims his conduct does *not* warrant enhancement under § 3C1.1's plain language because his flight was *not* "during the course of the investigation, prosecution, or sentencing of the instant offense" — felon in possession of a firearm.

Brown bases this contention on the rifle in his residence having been found *after* he fled from the Deputies seeking to arrest him on the unrelated state charge.  In support, Brown cites *United States v. Clayton*, 172 F.3d 347 (5th Cir. 1999).  There, Clayton, a deputy sheriff was convicted, *inter alia*, of violating a woman's civil rights by kicking her in the head after her arrest.  *Id*. at 350-51.  Clayton warned the two officers who witnessed his actions

4

that they would lose their jobs if they reported anything.  *Id* at 353*.*  The Government sought a § 3C1.1 enhancement, claiming Clayton obstructed a federal investigation of the incident by threatening the two witnesses and thereby deterring them from coming forward with information to the FBI.  *Id*.  Our court disagreed.  Because Clayton threatened the witnesses *before* any federal investigation occurred, his conduct was outside § 3C1.1's plain language, which contemplates a "temporal or nexus requirement".  *Id*. at 355. "[C]onduct ... warrants application of ... §3C1.1 only when such conduct occurs, in the words of the guideline, *during* [*inter alia*] an investigation of the defendant's instant offense".  *Id*. (emphasis in original).  *Cf*. **United States v. Martinez**, 263 F.3d 436, 441 (5th Cir. 2001) (defendant's obstructive conduct occurred after FBI investigation began).

The facts in **Clayton** are analogous to those at hand.  Brown ran from the Deputies *before* he was being investigated for the *instant* offense of illegally possessing a firearm.  In this regard, Brown was *not* indicted on the federal firearm charge until 14 December 2004, more than a year *after* the Deputies found the rifle on 2 October 2003 and months after he was apprehended.  (At sentencing, in response to Brown's objection to the enhancement, the Government stated: it "believe[d]" arrest warrants were issued on 2 October 2003 by the county for Brown's firearm felony; and he "was charged under state law that day".  There is no indication,

5

however, from the PSR or otherwise, that this occurred.) Therefore, Brown's actions could *not* be considered to have occurred during the investigation or prosecution of the instant offense.

Second, Brown claims:  because he was never in official custody at the time of his flight, his conduct did *not* constitute obstruction of justice within the meaning of the Guideline. Section 3C1.1's application notes provide a list of examples of conduct "to which the obstruction-of-justice adjustment is intended to apply, as well as conduct to which it is not intended to apply". ***United States v. Huerta***, 182 F.3d 361, 365 (5th Cir. 1999), *cert. denied*, 528 U.S. 1191 (2000).  The list is "non-exhaustive", but makes a clear distinction between "escaping or attempting to escape from *custody* before trial or sentencing", an action that warrants enhancement, and "avoiding or fleeing from arrest", an action which "ordinarily do[es] not".  U.S.S.G. § 3C1.1. nn.4(e), 5(d)(emphasis added).  "Flight from law enforcement officers who, pursuant to a lawful arrest, *have exercised custody* over the defendant may constitute obstruction of justice under section 3C1.1, even if such flight closely follows the defendant's arrest." ***Huerta***, 182 F.3d at 365 (emphasis added).  Brown maintained at his sentencing hearing that he was never in official custody at the time of the attempted arrest nor was he detained in any way.

"In determining whether an individual was in custody, a court must examine all of the circumstances surrounding the [defendant's

6

interaction with law enforcement personnel], but the ultimate inquiry is simply whether there was a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *Stansbury v. California*, 511 U.S. 318, 322 (1994) (internal quotations omitted). Here, the Deputies tried to arrest Brown; one seized his arm to detain him, but he broke free and escaped. *Cf*. *Huerta*, 182 F.3d at 363 (defendant in custody when officers handcuffed him and took him to the local police department). Because Brown was never in custody and the Deputies never exercised a degree of formal control or restraint over him, his flight did not constitute obstruction of justice within the meaning of the Guideline.

In further support of this interpretation, our precedent has identified two factors distinguishing obstructive and non-obstructive conduct: "(1) whether the conduct presents an inherently high risk that justice will be obstructed and (2) whether the conduct requires a significant amount of planning, as opposed to being the result of ... panic, confusion, or mistake". *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (internal quotations omitted). Generally, only "considered effort[s] to derail investigations and prosecutions" constitute obstruction of justice. *United States v. Greer*, 158 F.3d 228, 235 (5th Cir. 1998) (typifying obstruction-of-justice conduct as "involv[ing] egregiously wrongful behavior whose execution requires

7

a significant amount of planning and presents an inherently high risk that justice will be obstructed"), *cert. denied*, 525 U.S. 1185 (1999). Often, deceptive conduct is a factor for determining obstruction of justice. *See generally* **Martinez**, 263 F.3d 436 (determining defendant engaged in obstruction of justice where he obtained a false passport and transferred business assets to evade the FBI). *See also* **United States v. Porter**, 145 F.3d 897, 902 (7th Cir. 1998) (upholding an obstruction of justice enhancement where the defendant, knowing an indictment was imminent, fled the jurisdiction, changing his hair color, moving to another State, and creating a fictitious name, driver's license, and social security card).

The Government maintains that, although Brown's initial flight in early October 2003 might not warrant an obstruction of justice enhancement, his *continued* fugitive status, including moving 200 miles to Laredo, *did* impede the Government's investigation into the federal firearm felony. This is an issue of fact for the district court, for which we would review for clear error. The record, however, contains little evidence about Brown's residing in Laredo and the circumstances surrounding his capture. Of special significance, there is *no* evidence Brown knew he was wanted by law enforcement or that he engaged in deceptive conduct to evade capture. Furthermore, the district court did *not* specifically find, as a factual matter, that Brown engaged in obstruction of

8

justice. It simply overruled Brown's objections to the enhancement, without stating its reasons for doing so.

We need not make that clear-error determination; instead, we base our holding on a plain reading of § 3C1.1. As discussed, *supra*, Brown's flight did *not* occur during the course of an investigation, prosecution, or sentencing of the federal firearm charge, nor was he in custody at the time of his flight. For those reasons, the district court erred in applying the obstruction-of-justice enhancement.

### III.

For the foregoing reasons, Brown's conviction is **AFFIRMED**; his sentence is **VACATED;** and this matter is **REMANDED** for resentencing.

*CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING*