IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-10701
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

EDWARD C IVORY, JR

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-202-1

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Edward C. Ivory, Jr., appeals the sentence imposed following his guilty plea conviction for wire fraud and aiding and abetting in violation of 18 U.S.C. §§ 2 and 1343. He argues that the district court erred in enhancing his offense level pursuant to U.S.S.G. § 3C1.1 based on its finding that he obstructed justice. He argues that his conduct did not rise to the level of obstruction of justice because during the recorded conversation between him and Deaderill Harris, a woman he had recruited to sell counterfeit transportation vouchers, he merely repeated a cover story that Harris already knew. He also argues that the facts do not indicate that he knew that there was an investigation actively underway

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

or that his actions actually impeded the investigation. Because Ivory raised this issue in the district court, the district court's factual findings, i.e., its findings as to what acts were performed, are reviewed for clear error, and the district court's ruling that its factual findings permit an enhancement for obstruction of justice is a question of law, which this court reviews de novo. United States v. Brown, 470 F.3d 1091, 1093-94 (5th Cir. 2006).

Ivory has not shown that the district court erred in enhancing his offense level pursuant to § 3C1.1 based on its finding that he obstructed justice. The evidence in the presentence report, the recorded telephone conversation, and the testimony at the sentencing hearing show that Ivory knew Harris was going to be interviewed by Secret Service agents; he told Harris to lie to agents by using a cover story concerning the counterfeit transportation vouchers; he told Harris not to identify him if she was presented with a photograph by agents; and he told Harris to throw away any remaining vouchers that she had. Ivory also stated that a codefendant, Ken Kirby, had told Secret Service agents the same cover story. This evidence indicates that Ivory knew that there was an ongoing investigation as he was aware that both Harris and Kirby had been or were going to be interview by Secret Service agents concerning the vouchers. The district court's factual findings regarding Ivory's conduct are plausible in light of the record as a whole. See United States v. Cisneros-Guiterrez, 517 F.3d 751, 764 (5th Cir. 2008). Further, the evidence in the instant case supports the district court's determination that Ivory's conduct constituted obstruction of justice. See Brown, 470 F.3d at 1094.

AFFIRMED.