# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 18, 2010

No. 09-40537
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN GILBERT RUBIO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-27-1

Before BENAVIDES, PRADO and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

John Gilbert Rubio pleaded guilty to an indictment charging him with being a felon in possession of a firearm. Rubio contends that his sentence is procedurally unreasonable because there was insufficient evidence to support the district court's cross-reference to U.S.S.G. § 2A2.2, the aggravated assault guideline. He also contends that his sentence is procedurally unreasonable because the district court erred in adjusting his offense level for "more than minimal planning," the district court did not consider a departure under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.S.G. § 4A1.3 before imposing a non-guideline variance, and the district court failed to provide an adequate explanation for the sentence imposed.

Pursuant to *Gall v. United States*, 552 U.S. 38, 51 (2007), this court first determines whether the district court committed any procedural errors, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range." If the district court's decision is procedurally sound, this court will "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard . . . tak[ing] into account the totality of the circumstances." *Id.* In exercising this bifurcated process, the district court's application of the Guidelines is reviewed de novo and its factual findings for clear error. *United States v. Jeffries*, 587 F.3d 690, 692 (5th Cir. 2009).

A review of the record indicates that the application of the cross-reference to the aggravated assault guideline and the adjustment for "more than minimal planning" are plausible in light of the record as a whole. *See United States v. Brown*, 470 F.3d 1091, 1094 (5th Cir. 2006); *United States v. Clements*, 73 F.3d 1330, 1341 (5th Cir. 1996). Additionally, Rubio's argument that his sentence is procedurally unreasonable because the district court failed to consider § 4A1.3, which applies only to departures based on unrepresentative criminal history and not non-guideline variances, is unavailing. *See United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007). Moreover, a review of the record does not support Rubio's argument that the district court failed to consider his mental health history when imposing his 108-month sentence. The district court's reasons were adequate, *see United States v. Bonilla,* 524 F.3d 647, 658 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 904 (2009), and Rubio has failed to establish that the district court's reasons constitute procedural error. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192

(2009).    Further, the district court's upward variance from the guideline maximum of 71 months to a sentence of 108 months was not unreasonable.  *See United States v. Brantley*, 537 F.3d 347, 348-50 (2008); *United States v. Herrera-Garduno*, 519 F.3d 526, 530-32 (5th Cir. 2008).  Rubio has not shown that the degree of his variance was an abuse of discretion.  *See Gall,* 552 U.S. at 51.  Accordingly, the district court's judgment is AFFIRMED.