# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 16, 2010

No. 09-10590
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAFAEL RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-22-1

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Rafael Rodriguez appeals the sentences imposed following the revocation of his supervised release terms. He complains that the district court improperly considered the factors in 18 U.S.C. § 3553(a)(2)(A) in imposing his sentences. Rodriguez argues that the district court was precluded from considering the § 3553(a)(2)(A) factors because they are not among those that 18 U.S.C. § 3583(e) directs courts to weigh in fashioning a revocation sentence. He does not allege, and the record does not reflect, that the district court, in imposing his revocation

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence, made any specific reference to § 3553(a)(2)(A) or that the district court discussed any of the factors set forth in § 3553(a)(2)(A). His argument instead rests on a statement in the district court's written judgment of revocation and sentence that the court had considered all factors set forth in § 3553(a).

We have not yet addressed whether a district court may consider the factors in § 3553(a)(2)(A) when imposing a revocation sentence. However, we need not reach the issue in the instant case. When sentencing Rodriguez, the district court noted that it had imposed what it believed "to be a reasonable sentence that adequately and appropriately address[ed] all of the factors the Court is to consider under § 3553(a) of Title 18." By limiting its consideration to only those factors it is to consider under § 3553(a), the district court indicated that it was not considering the § 3553(a)(2)(A) factors. The district court's oral pronouncement at sentencing controls to the extent it conflicts with the court's written judgment. *See United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001). Accordingly, Rodriguez has not shown error. Rodriguez's argument fails to establish that his revocation sentence is unreasonable or plainly unreasonable. *See United States v. Hinson*, 429 F.3d 114, 119-20 (5th Cir. 2005).

The judgment of the district court is AFFIRMED.