# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 16, 2010

No. 09-30810
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

JEREMY PAUL METREJEAN,

Defendant – Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CR-67-2

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jeremy Paul Metrejean appeals the sentence imposed upon his conviction for attempting to possess with the intent to distribute cocaine. *See* 21 U.S.C. §§ 841, 846. He argues that the facts do not support the district court's upward variance from a guideline range of 37 to 46 months to a sentence of 132 months of imprisonment. We AFFIRM on that issue, but REMAND in order that a clerical error in the judgment can be corrected.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*A. Procedural Reasonableness*

The sentencing transcript refutes Metrejean's allegation that the district court committed procedural error by failing to articulate adequately the reasons for the upward variance. In addition, the finding of a long history of crimes of violence was "plausible in light of the record as a whole" and thus was not clearly erroneous. *United States v. Brown*, 470 F.3d 1091, 1094 (5th Cir. 2006).

Metrejean's suggestion that the district court departed upward pursuant to Section 4A1.3 is inaccurate. The district court imposed an upward variance pursuant to Section 3553(a). Metrejean's arguments relating to Section 4A1.3 are without merit. *See United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007).

Metrejean's assertion that the district court failed to provide a statement of reasons for the upward variance is inaccurate. Any error that may have resulted from Metrejean's failure to obtain a copy did not affect his substantial rights. *United States v. Peltier*, 505 F.3d 389, 394 (5th Cir. 2007).

There was no clear or obvious procedural error in sentencing Metrejean. *See United States v. Key*, 599 F.3d 469, 474 (5th Cir. 2010).

*B. Substantive Reasonableness*

The district court based its sentencing decision on permissible factors that advanced the objectives set forth in Section 3553(a). Metrejean had been arrested sixteen times since the age of eighteen. At least three of his offenses involved violent behavior. *See, e.g., Peltier*, 505 F.3d at 392-93 & n.9. The assertion that these prior crimes were not serious offenses is inaccurate: he escaped from confinement; his fist fight with another man resulted in a conviction for second degree battery; he had sexual intercourse with a thirteen-year-old girl; and he was arrested for trying to run a man off the road with his car, for stealing a car, for battery on a police officer, for simple criminal damage to property, and for possession of hydrocodone. The cocaine conspiracy in which

Metrejean was involved was responsible for the transportation and distribution of approximately 700 kilograms of cocaine over two years. Neither defense counsel nor Metrejean objected to the factual findings in the PSR. The district court was therefore entitled to rely on the facts in the PSR. *See United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995).

It is also alleged that the district court failed to consider Metrejean's family background. To the contrary, the district court addressed the mental health issues caused by Metrejean's background by ordering while on supervised release that he "participate in a mental health assessment and/or treatment program."

Metrejean has not shown that the district court abused its discretion or that his sentence was substantively unreasonable. *See Gall v. United States*, 552 U.S. 38, 50-53 (2007).

*C. Clerical Error in Judgment*

The judgment states that Metrejean pled guilty to count one of the indictment and that count two was dismissed on the motion of the Government. These statements are inaccurate. Metrejean pled guilty to the attempt charge in the bill of information. The case is therefore remanded for the limited purpose of correcting the clerical error in the judgment pursuant to FED. R. CRIM. P. 36. *See United States v. Johnson*, 588 F.2d 961, 964 (5th Cir. 1979).

AFFIRMED IN PART; REMANDED IN PART.