# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2010

Lyle W. Cayce
Clerk

No. 09-60612
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MAURICE HAMMOND,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:08-CR-131-1

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Maurice Hammond was convicted of one count of submitting a false claim to the Federal Emergency Management Agency (FEMA); one count of making a false statement to FEMA; one count of making a false statement to the Small Business Administration; one count of theft of public money; and four counts of wire fraud. These charges all arose from Hammond's false representations that he lived at a certain house before Hurricane Katrina and the claims he made for federal funds to aid in repairing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the home. The district court sentenced him to serve 30 months in prison as well as three years on supervised release, and Hammond's prison term was the result of an upward variance from the applicable guidelines range. We are now presented with Hammond's appeal from his convictions and sentence.

The first claim raised by Hammond is that the district court erred by denying his motion for a new trial. According to Hammond, this denial was erroneous because the evidence showed that he lived at the subject property when Hurricane Katrina made landfall and that he thus committed no crime. He complains that the Government's evidence was all circumstantial and insists that his evidence proved his innocence. These arguments are unavailing.

This court reviews the denial of a motion for a new trial for "a clear abuse of discretion." *United States v. Ramos-Cardenas*, 524 F.3d 600, 605 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 247 (2008). The district court did not clearly abuse its discretion by denying Hammond's motion, as the evidence introduced at trial sufficed to show that Hammond did not live at the disputed property when the hurricane struck. Insofar as he argues that the Government's case against him was lacking because it was grounded in circumstantial evidence, this contention lacks merit. *Cf. United States v. Cihak*, 137 F.3d 252, 261 (5th Cir. 1998). Although the jury was presented with evidence to support Hammond's defense, the jury was not required to believe his version of events. *See United States v. Garcia*, 995 F.2d 556, 561 (5th Cir. 1993). Hammond has not shown that the evidence heavily weighs against the jury's verdict and thus has not shown that the district court erred by denying his motion for new trial. *See Ramos-Cardenas*, 524 F.3d at 605. His remaining claims likewise fail.

Hammond insists that the district court reversibly erred by refusing to give his requested jury instruction on the definition of residency. Our review of the record and the pertinent standards rebuts this assertion and reveals no abuse of discretion in connection with the challenged ruling, which was grounded in the district court's determination that the jurors could rely on their

common sense with respect to the meaning of the term residence. *See United States v. Anderson*, 560 F.3d 275, 279 (5th Cir. 2009); *see also United States v. Anderton*, 629 F.2d 1044, 1048-49 (5th Cir. 1980).

The next claim presented by Hammond is that the district court erred by denying his request for discovery so that he could ascertain the identity of the person who started the investigation against him. The main flaw in this argument is that a close examination of Hammond's discovery motion shows that, although he requested discovery on numerous topics, he did not specifically ask for the name of the individual who started the investigation. Further, his conclusional, speculative allegations of investigatory bias have no record support. Hammond has shown no abuse of discretion in connection with the district court's evidentiary rulings. *See United States v. Stephens*, 571 F.3d 401, 409 (5th Cir. 2009).

Hammond presents several challenges to his sentence. Pursuant to *Gall v. United States*, 552 U.S. 38, 51 (2007), we engage in a bifurcated analysis of the sentence imposed. *United States v. Delgado-Martinez,* 564 F.3d 750, 752 (5th Cir. 2009). Our first query is whether the district court committed a "significant procedural error," such as miscalculating the advisory guidelines range. *Id.* at 751-53. If there is no such error or the error is harmless, we proceed to the second step and consider the substantive reasonableness of the sentence imposed for an abuse of discretion. *Id.*; *see also United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The first sentencing claim raised by Hammond, that the district court acted improperly by not giving advance notice of its intent to impose a sentence above the pertinent guidelines range, fails because no such notice is required when, as is the case here, the sentence is the result of a variance. *See Irizarry v. United States*, 128 S. Ct. 2198, 2202-04 (2008). Contrary to Hammond's arguments, the district court's loss calculations were in accordance with the Guidelines and are not clearly erroneous. *See United States v. Taylor*, 582 F.3d

558, 564 (5th Cir. 2009).  There is also no clear error with respect to the sentencing judge's imposition of an enhancement for obstruction of justice, which was based on a finding that Hammond perjured himself.  *See United States v. Brown*, 470 F.3d 1091, 1093 (5th Cir. 2006).

Under Hammond's view, the sentencing variance imposed by the district court is erroneous because it is based on a factor, abuse of public trust, that is already taken into consideration by another guideline and which is not applicable in the instant case.  This view is not supported by the record, which shows that the district court's choice of sentence was grounded in considerations of deterrence, as well as Hammond's own history and characteristics.  These are proper sentencing factors, and the district court did not commit a significant procedural error by weighing them when deciding how to sentence Hammond. *See* 18 U.S.C. § 3553.  Finally, Hammond has failed to show that his sentence creates an unwarranted disparity.  *See United States v. Sanchez-Ramirez*, 497 F.3d 531, 536 n.4 (5th Cir. 2007).

The judgment of the district court is AFFIRMED.