**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 30, 2010

No. 10-10175
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCIS HAROLD COMBS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-81-1

Before REAVLEY, DENNIS, CLEMENT, Circuit Judges.

PER CURIAM:[*]

Francis Harold Combs appeals the 24-month sentence imposed following
the revocation of his supervised release.  He complains that the district court
improperly considered the factors of 18 U.S.C. § 3553(a)(2)(A) in imposing his
sentence because sub-section (a)(2)(A) is not among the provisions of § 3553 that
18 U.S.C. § 3583(e) directs courts to weigh in fashioning a revocation sentence.
Because Combs' general objection "to the sentence being unreasonable" failed to
adequately apprise the district court of the particular claim he now pursues on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

appeal, we review Combs' sentence for plain error. *See United States v. Dunnigan*, 555 F.3d 501, 506 (5th Cir. 2009). To the extent Combs claims that the district court's written Judgment of Revocation and Sentence reflects a basis for the district court's determination that is different than the district court's reasons announced at sentencing, our review of the record reveals no such inconsistency. Therefore, Combs had adequate opportunity to "consider, comment on, and object to" the reasonableness of the district court's sentence. *See United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006).

At the time Combs was sentenced, this circuit's law did not clearly establish that a district judge could not consider the § 3553(a)(2)(A) factors in reaching a decision on a revocation sentence, and decisions of the other federal circuits on this issue remain at odds. *See United States v. Rodriguez*, 369 F. App'x 608 (5th Cir. 2010); *compare United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006), *with United States v. Lewis*, 498 F.3d 393, 399 (6th Cir. 2007). Therefore, Combs cannot show that the district court plainly erred in considering the factors of § 3553(a)(2)(A). *See United States v. Salinas*, 480 F.3d 750, 759 (2007) ("Because this circuit's law remains unsettled and the other federal circuits have reached divergent conclusions on this issue, . . . Salinas cannot satisfy the second prong of the plain error test—that the error be clear under existing law."). Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time is DENIED.