# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 23, 2011

Lyle W. Cayce
Clerk

No. 09-11132
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CRECENCIO HERNANDEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:04-CR-38-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Crecencio Hernandez ("Hernandez") appeals the district court's imposition of a fifty-five month sentence following the revocation of his supervised release. Hernandez argues that the district court erred by considering the factors listed in 18 U.S.C. § 3583(a)(2)(A). In the district court, however, Hernandez objected only generally to the reasonableness of his sentence. Because he did not adequately notify the district court of the particular claim he now pursues on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-11132

appeal, we review his sentence for plain error. *See United States v. Hernandez-Martinez*, 485 F.3d 270, 272-73 (5th Cir. 2007).

"To establish plain error, [Hernandez] must show a forfeited error that is clear or obvious and that affects his substantial rights." *United States v. Davis,* 602 F.3d 643, 647 (5th Cir. 2010). To constitute clear or obvious error, the error must be, at a minimum, clear or obvious "under current law at the time of trial." *United States v. Garcia-Rodriguez*, 415 F.3d 452, 455 (5th Cir. 2005) (internal quotation marks and citation omitted). We have held that, where our law is unsettled and our sister circuits have reached divergent conclusions on an issue, any error is not clear under existing law. *United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007); *see also Garcia-Rodriguez*, 415 F.3d at 455-56. At the time of the proceedings below, the question of whether a district court may consider the factors listed in § 3583(a)(2)(A) when imposing a revocation sentence was not settled in this circuit,[1] and our sister circuits were divided on the issue. *Compare United States v. Miqbel*, 444 F.3d 1173, 1182-83 (9th Cir. 2006), *and United States v. Crudup*, 461 F.3d 433, 439 (4th Cir. 2006), *with United States v. Lewis*, 498 F.3d 393, 399-400 (6th Cir. 2007), *and United States v. Williams*, 443 F.3d 35, 47-48 (2d Cir. 2006). Any error, therefore, was not clear or obvious.

Because Hernandez has not satisfied the test for plain error review, we AFFIRM the district court's judgment.

---

[1] *But see United States v. Miller*, No. 09-11063, 2011 WL 692988, at *3 (5th Cir. Mar. 1, 2011) (holding, in case where defendant preserved his objection to the district court's reliance on improper factors, that court should not have relied on § 3553(a)(2)(A) factors but that reliance was not plainly unreasonable because circuit precedent was unsettled).