# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 1, 2011

No. 10-10849

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MATTHEW JAMES LEBOEUF,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-184-1

Before KING, DAVIS, and GARZA, Circuit Judges.

PER CURIAM:[*]

Matthew James LeBoeuf appeals from his 24-month sentence following revocation of his supervised release. He argues that the district court considered an impermissible sentencing factor in 18 U.S.C. § 3553(a)(2)(A) as a basis for the sentence. We AFFIRM the district court's judgment.

## I. Background

LeBoeuf was convicted of wire fraud in 2006 and sentenced to 18 months in prison and three years of supervised release. The Government moved to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10849

revoke his supervised release term in August 2010, alleging that LeBoeuf committed the following violations of his conditions of release: (1) theft in the amount of $500 to $1500 in Haltom City, Texas, for accepting payment to rebuild a computer without doing the work or returning the computer; (2) issuing a bad check in Dallas County, Texas; (3) failing to make restitution payments as ordered and failing to provide the probation officer with requested financial information; and (4) leaving the judicial district without permission of the court or his probation officer.

LeBoeuf pleaded true to all allegations except for the theft offense. The district court then heard testimony from the victim of that offense and the police officer who investigated it. According to the victim's testimony, LeBoeuf accepted payment to rebuild a computer for the victim but did not perform the work. When the victim complained to police, LeBoeuf attempted to give the victim a different computer and a partial refund in the form of a check written on a closed bank account. In addition to this evidence, LeBoeuf's probation officer, David Hernandez, testified about other instances of dubious business and financial practices where LeBoeuf had reportedly accepted payments from other individuals but failed to perform as promised.

The district court found that all of the Government's allegations were true and that LeBoeuf had violated his conditions of supervised release. The court then stated that it would "take into account in determining any punishment that might be imposed the information that the witness [i.e., Probation Officer Hernandez] has just offered." Despite LeBoeuf's request to remain on supervised release, the district court revoked the release term. It then considered whether restitution could be ordered as part of the revocation sentence in light of the financial losses LeBoeuf caused while on supervised release. The court expressed a belief that such circumstances "ought to be considered as part of the

No. 10-10849

punishment," but it ultimately decided that restitution was not available because LeBoeuf had not been convicted of any new offenses.

The advisory guideline sentencing range for the revocation was four to ten months. The district court stated that this range was insufficient to address "the concerns the Court should consider under 18 United States Code Section 3553(a)." The court explained that "[o]nce I consider all of those factors, I believe a sentence of 24 months is a reasonable sentence that would be necessary to adequately address those things." The court therefore sentenced LeBoeuf to 24 months in prison to be followed by twelve months of supervised release.

LeBoeuf now appeals, arguing that the district court's references to "punishment" during the revocation hearing show that the court improperly considered the "just punishment" factor of § 3553(a)(2)(A).

## II.  Standard of Review

We generally review sentences imposed upon the revocation of supervised release under a "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011), *petition for cert. filed*, (U.S. May 27, 2011) (No. 10-10784).   Here, however, LeBoeuf made only a general objection to the reasonableness of his sentence and did not specifically argue that the district court had considered an improper sentencing factor.  We therefore review the sentence for plain error.  *See United States v. Dunigan*, 555 F.3d 501, 506 (5th Cir. 2009).

Plain error requires the appellant to show (1) an error (2) that was clear or obvious and (3) that affected his substantial rights.  *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010).  If the appellant makes that showing we have discretion to remedy the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

No. 10-10849

### III.  Discussion

LeBoeuf contends that his sentence is unreasonable because the district court improperly considered the need for the sentence to reflect "just punishment" as provided in §3553(a)(2)(A). Subsection §3553(a)(2)(A) ordinarily allows a court to consider the need for a sentence to reflect "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." §3553(a)(2)(A).  Although this factor may be considered pursuant to § 3553(a) when imposing an original sentence, in this circuit it is forbidden from consideration when imposing a revocation sentence.  *See Miller*, 634 F.3d at 844.  Revocation sentences are governed by 18 U.S.C. § 3583(e), which outlines the specific factors of § 3553(a) that a district court must consider.  *See Miller*, 634 F.3d at 844.  Because § 3583(e) does not reference § 3553(a)(2)(A), we recently held that "it is improper for the district court to rely on §3553(a)(2)(A) for the modification or revocation of a supervised release term." *Id.*

We reject LeBoeuf's argument that the district court committed reversible error in imposing his revocation sentence.  First, it is not clear that the district court even considered § 3553(a)(2)(A).  Nowhere did the district court specifically reference that subsection or "just punishment."  Although the court mentioned "punishment" several times during the revocation hearing, we are not convinced that the court was referring to the need for the sentence to reflect "just punishment" as contemplated by § 3553(a)(2)(A).  *See United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006) (discussing the difference between district court sanctioning a defendant for violating his supervised release terms and punishing the defendant for conduct underlying the revocation). When the court first mentioned "punishment" after Probation Officer Hernandez's testimony, the court appeared to be considering the appropriate *disposition* upon finding a violation of LeBoeuf's release conditions.  *See* § 3583(e)(4) (providing that district court has discretion to continue a defendant's supervised release after a violation

rather than revoke the release term).  It immediately invited defense counsel to speak about whether there should be a revocation, and there is no error in the court deciding that LeBoeuf's violations and conduct as testified by Hernandez warranted revocation and imprisonment as opposed to a continuance on release. Furthermore, the district court's other remarks during the hearing show that its various references to "punishment" did not invoke § 3553(a)(2)(A).  The court explained that the 24-month sentence it imposed "adequately addresses the factors the Court *should* consider," and also that those factors were not reflected in the advisory guideline range.   The court's references to the factors that "should" be considered thus indicate that the court limited its decision to the § 3553(a) factors enumerated in § 3583(e).  LeBoeuf has not shown any error under the first prong of the plain error test.

Moreover, even assuming, *arguendo*, that the district court improperly considered the punishment factor of § 3553(a)(2)(A), LeBoeuf cannot meet the second prong of plain error review because the error was not clear or obvious. At the time of the district court proceedings, our own circuit law as to whether the court could consider § 3553(a)(2)(A) when imposing a revocation sentence was unsettled, *see, e.g., United States v. Rodriguez*, 369 F. App'x 608, 608 (5th Cir. 2010) (declining to decide the issue), and there was a split among our sister circuits. *Compare, e.g., Miqbel*, 444 F.3d at 1182 (holding that reliance on § 3553(a)(2)(A) for a revocation sentence is improper) *with United States v. Lewis*, 498 F.3d 393, 399–400 (6th Cir. 2007) (holding that district court may consider § 3553(a)(2)(A) and noting circuit split on the issue).  Therefore, any error by the district court could not be clear or obvious. *See United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007) (holding that when our circuit's law is unsettled and other federal circuits have reached divergent conclusions the claimed error could not be clear or obvious under the second prong of the plain error test); *United States v. Hernandez*, 2011 WL 1057576, at *1 (5th Cir. Mar.

23, 2011) (unpublished) (holding that defendant could not show district court's alleged error in considering § 3553(a)(2)(A) when imposing a revocation sentence was clear or obvious under plain error review).  LeBoeuf therefore has not shown reversible error.

## IV.  Conclusion

For the foregoing reasons, the district court's judgment is AFFIRMED.