**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 3, 2011

Lyle W. Cayce
Clerk

No. 11-30336
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT HAYES,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:02-CR-83-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Robert Hayes appeals the sentence imposed after revocation of supervised release. His 24-month sentence was the statutory maximum sentence which was below the recommended guidelines range of 33-41 months.

Hayes contends that the sentence was unreasonable because the court did not select a sentence that properly balanced the objectives of punishment and rehabilitation. He argues that imposition of the statutory maximum sentence did not serve the purpose of rehabilitation and shows that the court did not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30336

adequately consider mitigating factors (e.g., his health problems or his success in completing rehabilitative programs).  Hayes further asserts that the district court wrongly based the sentence on "punishment," a factor that is listed in 18 U.S.C. § 3553(a)(2), and barred from consideration by 18 U.S.C. § 3583(e) under *United States v. Miller*, 634 F.3d 841, 844 (5th Cir), *petition for cert. filed* (May 27, 2011) (No. 10-10784).  Because Hayes only offered a general objection in the district court to the reasonableness of his sentence and did not object on the specific grounds he raises on appeal, we review his arguments for plain error. *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009); *see also United States v. LeBoeuf*, 10-10849, 2011 WL 3279203, at * 2 (5th Cir. Aug. 1, 2011)(unpublished)(noting that a general objection to the reasonableness of a revocation sentence does not preserve the argument that the district court considered an improper sentencing factor).

Hayes's contention that the district court improperly based his sentence on "punishment" is unavailing.  The record supports that revocation of Hayes's supervised release was mandated by § 3583(g) because he violated an express condition of supervised release by being convicted in Louisiana state court of possession of heroin with intent to distribute, i.e., a drug possession crime punishable by more than one year.  *See* § 3583(g).  Section 3583(g) does not expressly invoke the sentencing factors of § 3553(a), or the limits imposed by the first clause of §3583(e). *See* § 3583(g); *United States v. Giddings*, 37 F.3d 1091, 1095 (5th Cir. 1994) (noting that a court need not consider § 3553(a) when revocation is mandated by § 3583(g)).  Thus, Hayes fails to show that it is "clear or obvious" or "obvious under existing law" that a sentence imposed when revocation is mandatory must be limited by § 3583(e).  *Cf. United States v. Larison*, 432 F.3d 921, 923 (8th Cir. 2006) (holding that the district court's sentencing decision was not constrained by the factors specifically enunciated in § 3583(e) where revocation was mandated by § 3583(g)).

No. 11-30336

Hayes's assertion that his sentence did not represent a proper evaluation of various competing interests and did not properly account for mitigating factors is without merit. The record reflects that the court considered the competing sentencing objectives and concluded that a 24-month sentence appropriately balanced those factors. The court acknowledged Hayes's serious health problems and specifically considered whether Hayes's previous efforts at rehabilitation warranted a lesser sentence. However, the court concluded that Hayes's history and characteristics outweighed his rehabilitative efforts and justified the sentence imposed. To the extent that Hayes disagrees with the weight that the court gave to the factors argued, his claim is unavailing; the district court was permitted to use its judgment to weigh the relative importance of each factor, and we may not reweigh those factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

The judgment of the district court is therefore AFFIRMED.