United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 1, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50404
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALVA UPCHURCH,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-02-CR-66-2

Before GARWOOD, DEMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Alva Upchurch pleaded guilty to two counts of sexual exploitation of children, and the district court sentenced her to 151 months in prison and a three-year term of supervised release. Upchurch argues in this appeal that the district court erred in determining that she had obstructed justice pursuant to U.S.S.G. §

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

3C1.1 and adjusting her offense level accordingly.

Because Upchurch adduced no evidence in the district court to rebut the facts recited in the presentence report (PSR), the district court was free to adopt those facts and rely upon them in sentencing Upchurch.  *See United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995).

The PSR details Upchurch's attempt to persuade the victim to recant the account of the underlying facts that she gave to police. This incident forms a sufficient basis for the district court's imposition of the disputed adjustment.  *See* U.S.S.G. § 3C1.1, comment. (4(a)).  Upchurch has not shown that the district court's findings on this issue are not "plausible in light of the record as a whole."  *United States v. Brown*, 7 F.3d 1155, 1159 (5th Cir. 1993) (internal quotations and citation omitted).

Upchurch argues that her attempt to have the minor victim recant the account she gave the police occurred approximately two days before the federal, as opposed to the state, investigation began.  The record contains nothing from which it may be inferred that a federal investigation had commenced before Upchurch attempted to have the minor victim recant, nor did the district court or the PSR find or state that a federal (as opposed to a state) investigation had then begun.

Upchurch relies on *United States v. Clayton*, 172 F.3d 347 (5th Cir. 1999).  *Clayton*, however, is inapposite, as there the

2

allegedly obstructive conduct occurred immediately after commission of the offense, and before *any* investigation had commenced. While our opinion there does refer to "the federal investigation," there is no suggestion in *Clayton* that there was *ever* any *other* investigation, and it is apparent that there could not have been at the time of the assertedly obstructive conduct, which was essentially contemporaneous with the offense. Here the criminal conduct constituting the federal offense (violation of 18 U.S.C. § 2251(a) where the "visual depiction was produced using materials that have been mailed, shipped or transported in interstate or foreign commerce by any means, including by computer") had all occurred and was the identical conduct that was allegedly under investigation by the local police, as Upchurch was plainly aware, at the time of her effort to cause the minor victim to recant which was clearly designed to obstruct that and any other investigation into that criminal conduct. The fact that the federal authorities are not shown to have then commenced their investigation is in these circumstances not determinative. *See United States v. Roberts*, 243 F.3d 235, 238-40 (6th Cir. 2001), and authorities there cited.

Upchurch's argument that her efforts to have the victim recant did not in fact significantly impede any investigation are without merit. Such obstruction comes within U.S.S.G. § 3C1.1, comment 4(a) which covers "attempting" to "unlawfully influenc[e] a . . .

3

witness." Upchurch's reliance on *United States v. Ahmed*, 324 F.3d 368 (5th Cir. 2003), is misplaced, as *Ahmed* concerned only false material statements to law enforcement officers and under U.S.S.G. § 3C1.1 comments 4(g) and 5(b), that form of obstruction normally must have "significantly obstructed or impeded" the investigation or prosecution.

Accordingly, the district court's judgment is

AFFIRMED.