# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 31, 2010

No. 09-50200

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

CHRISTOPHER L ALEXANDER,

Defendant–Appellant

Appeal from the United States District Court
for the Western District of Texas

Before JONES, Chief Judge, and BENAVIDES and PRADO, Circuit Judges.

PRADO, Circuit Judge:

Christopher L. Alexander appeals the district court's application of a two-point increase for obstruction of justice under § 3C1.1 of the U.S. SENTENCING GUIDELINES ("U.S.S.G."). Alexander argues that the obstruction of justice enhancement was not warranted because the obstructive conduct did not relate to the drug offense for which he was convicted. Alexander also argues that he could not have intended to disrupt the federal investigation because he was in custody for state charges at the time of the obstructive conduct and the federal investigation had not yet begun. We find Alexander's arguments unpersuasive.

No. 09-50200

Thus, we affirm his sentence.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Austin Police Department ("APD") officers arrested Alexander after finding cocaine base in his car during a traffic stop.  While in jail, Alexander called his father and directed him to remove three firearms from his bedroom and deliver at least one of them to Trinity Duke Smith, a known drug dealer.[2] Several years prior, Alexander was a passenger in Smith's car when the police found 0.28 grams of cocaine base and $3,000 in cash on Smith.  State authorities did not press charges based on that incident, however.

Unbeknownst to Alexander, the jail recorded his conversation with his father, and APD detectives reviewed the tapes several weeks later.  The detectives obtained consent from Alexander's father to search and found two of the firearms in Alexander's bedroom and recovered the other firearm from Alexander's girlfriend.  The APD brought this case to the attention of the United States Attorney's Office around the time that Alexander made the phone call to his father.  Federal investigation resulted in an indictment several weeks later.

Alexander pled guilty to possession with intent to distribute more than

---

[1] Alexander also argues that the district court should have granted a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.  Alexander concedes, however, that if the district court properly applied the obstruction of justice adjustment, then it correctly denied the acceptance of responsibility adjustment.  We express no opinion on whether Alexander presents extraordinary circumstances that would justify finding acceptance of responsibility despite his obstruction of justice. *United States v. Rodriguez*, 942 F.2d 899, 902–03 (5th Cir. 1991) (holding that "this is not one of those extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply").  Because Alexander's sole argument depends upon our reversal of the obstruction of justice adjustment, we affirm as to acceptance of responsibility as well.

[2] Smith is currently serving a sixty month sentence for possession of more than three grams of cocaine base.

No. 09-50200

fifty grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). The probation office recommended in the Presentence Investigation Report ("PSR") increasing Alexander's base offense level by two levels under § 3C1.1 for obstruction of justice based on the call he made to his father directing him to move the firearms, and recommended denying an adjustment for acceptance of responsibility under § 3E1.1. Alexander objected to the PSR, claiming that the obstructive conduct did not relate to his crime of conviction. Alexander also objected to the denial of a decrease for acceptance of responsibility, arguing that it should apply if the obstruction of justice adjustment did not. The district court adopted the recommendations in the PSR and found an adjusted offense level of thirty-two, which, combined with a criminal history category of V, produced a guideline sentencing range of 188 to 235 months. The district court sentenced Alexander to 188 months' imprisonment. Alexander timely appealed his sentence.

## II. DISCUSSION

### A. Standard of Review

We review a district court's interpretation or application of the Sentencing Guidelines *de novo*, but review its factual findings for clear error. *United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008). "There is no clear error if the district court's finding is plausible in light of the record as a whole." *Id.* (citing *United States v. Harms*, 442 F.3d 367, 378 (5th Cir. 2006)). "'The [PSR] is considered reliable evidence for resentencing purposes.'" *United States v. Reasor*, 541 F.3d 366, 369 (5th Cir. 2008) (quoting *United States v. Clark*, 139 F.3d 485, 490 (5th Cir. 1998)). The district court is free to adopt the factual findings within the PSR without further inquiry if the defendant does nothing

No. 09-50200

to rebut the information contained in the PSR. *Id.*.

**B.    U.S.S.G. § 3C1.1**

U.S.S.G. § 3C1.1 provides that:

If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; of (ii) a closely related offense, increase the offense level by 2 levels."

Obstructive conduct occurring before the commencement of the federal investigation may be covered "if the conduct was purposefully calculated, and likely, to thwart the investigation or prosecution of the offense of conviction."[3] U.S.S.G. § 3C1.1 cmt. n.1.

Alexander concedes that he asked his father to move the firearms because he thought that authorities would search his residence.  However, Alexander argues that his conduct only related to the state proceeding.  Alexander argues that at the time he made the phone call he was not aware of the federal investigation, and thus he could not have willfully attempted to obstruct the federal investigation of the offense of conviction.  Alexander also argues that the plain language of U.S.S.G. § 3C1.1 prevents its application because it only

---

[3] The obstruction of justice guideline was amended in 2006, replacing "during the course of" with "with respect to." U.S.S.G. § 3C1.1, supp. to app. C, amend. 693 (2006). Alexander cites *United States v. Brown*, 470 F.3d 1091, 1094–96 (5th Cir. 2006) for the proposition that actions occurring before the commencement of the federal investigation cannot serve as the basis for U.S.S.G. §.3C1.1 enhancement.  However, we decided *Brown* under the pre-Amendment version of the guideline's requirement that the obstruction conduct occur "during the course of an investigation, prosecution, or sentencing of the federal . . . charge." *Id.* at 1096.  *Brown* does not apply here because we must ask whether Alexander attempted to obstruct justice "with respect to the investigation, prosecution, or sentencing of the instance offense of conviction."  U.S.S.G. § 3C1.1.

No. 09-50200

applies to obstructive conduct relating to the instant offense of conviction, here, possession of cocaine base.

We find U.S.S.G. § 3C1.1(A) satisfied. Although the federal investigation may not have been underway when he made the phone call, we have previously held in an unpublished opinion that obstruction of a state investigation based on the same facts as the eventual federal conviction qualifies for enhancement even if the obstructive conduct occurred before federal authorities commenced their investigation. *See United States v. Upchurch*, 88 F. App'x 794, 796 (5th Cir. 2004) (per curiam) (unpublished) (applying U.S.S.G. § 3C1.1 where a defendant attempted to persuade her victim to recant and the federal investigation had not yet begun because she was attempted to obstruct any investigation into the conduct at issue).

We adopt *Upchurch*'s reasoning, and find that the enhancement applies when the obstruction of the state investigation is based on the same facts as the eventual federal conviction, regardless of whether the federal investigation has commenced. This ruling is based on guideline's failure to distinguish an investigation by state officials from an investigation by federal officials, and "recognize[s] that state officers are authorized to and frequently do investigate criminal conduct that ultimately is prosecuted under federal law." *United States v. Self*, 132 F.3d 1039, 1042–43 (4th Cir. 1997). In so holding, we join nine of our sister circuits.[4] Here, the state investigation arose out of Alexander's possession

---

[4] The First, Second, Third, Fourth, Sixth, Eighth, Ninth, Tenth and Eleventh Circuits have all held that obstruction of a state investigation based on the same facts as the eventual federal conviction qualifies for enhancement under U.S.S.G. § 3C1.1. *United States v. Contreras*, 506 F.3d 1031, 1039 (10th Cir. 2007); *United States v. Ayers*, 416 F.3d 131, 134 (2d Cir. 2005); *United States v. Frasier*, 381 F.3d 1097, 1099–1100 (11th Cir. 2004); *United States v. Roberts*, 243 F.3d 235, 237–38 (6th Cir. 2001); *United States v. Imenec*, 193 F.3d 206, 209

No. 09-50200

of cocaine base, also served as the basis for Alexander's federal conviction. We therefore find that Alexander attempted to obstruct the investigation of the instant offense.

Alexander also argues that the direction to hide the firearms was not sufficiently related to his offense of conviction, possession of cocaine base. We disagree. The PSR contains findings that Alexander asked his father to give at least one of the firearms to Smith, a known drug dealer, and that Alexander was a passenger in Smith's vehicle when police found cocaine base. Alexander did not rebut these findings; thus, the district court was free to adopt them. *See Reasor*, 541 F.3d at 369. We need not determine how closely the obstructive conduct must relate to the conduct ultimately charged because the link is clearly present in this case: Alexander directed his father to give a firearm to Smith, a known drug dealer, with whom Alexander had previously associated in a drug-related incident. *See United States v. Roberson*, 872 F.2d 597, 609–10 (5th Cir. 1989) (declining to decide the required nexus between obstructive conduct and the instant offense because the link was clearly present and "the district court found that Roberson was trying to obstruct investigation of *all* of his conduct, without regard for which offenses he was concealing"). We therefore find that Alexander's conduct related to the "offense of conviction and any relevant conduct" under U.S.S.G. § 3C1.1.

---

(3d Cir. 1999); *United States v. Luca*, 183 F.3d 1018, 1022–23 (9th Cir. 1999); *Self*, 132 F.3d at 1042–43; *United States v. Adediran*, 26 F.3d 61, 65 (8th Cir. 1994); *United States v. Emery*, 991 F.2d 907, 911–12 (1st Cir. 1993). Only the Seventh Circuit has held that obstruction of a state proceeding does not qualify. *United States v. Perez*, 50 F.3d 396, 398–400 (7th Cir. 1995). However, *Perez* relied at least in part "on the temporal requirement of Rule 3C1.1 that the obstructive conduct occur 'during' the investigation, prosecution, or sentencing of the instant offense," *id.* at 399, which has since been amended. The Seventh Circuit has not cited *Perez* since the 2006 amendment.

No. 09-50200

## III. CONCLUSION

We find that the district court properly applied the obstruction of justice adjustment. We therefore affirm Alexander's sentence.

AFFIRMED.