**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4077**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

CHRIS R. MCCRIGHT,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Mark S. Davis, District Judge.  (4:09-cr-00080-MSD-LRL-1)

Submitted:  August 28, 2013          Decided:  September 5, 2013

Before NIEMEYER and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Charles D. Lewis, Richmond, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Robert E. Bradenham, II, Assistant United States Attorney, Nandor F.R. Kiss, Kendall A. Hamilton, Third-Year Law Students, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chris R. McCright pled guilty to unlawful possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2006), and was sentenced to a term of 110 months' imprisonment. McCright appeals his sentence, contending that his sentence is unreasonable because the district court denied him an adjustment for acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3E1.1 (2012). We affirm.

McCright was arrested on May 13, 2007, and initially charged in state court with the firearms offense. At a preliminary hearing, a witness testified falsely on McCright's behalf that the firearm belonged to him, not to McCright. The state charges against McCright were subsequently dropped. McCright was later charged with the instant federal offense based on the same incident, and pled guilty. At sentencing, the district court determined that McCright had obstructed justice at his preliminary hearing in state court and denied him a reduction for acceptance of responsibility. The court found that McCright's was not an extraordinary case where both adjustments could be applied, in part because his guilty plea in the federal proceeding came one day before his scheduled trial. See USSG § 3E1.1 cmt. n.4.

On appeal, McCright does not dispute that he obstructed justice, but points out that the obstructive conduct

2

occurred before the federal investigation and prosecution. He argues that the district court did not consider all the relevant factors before overruling his objection.

Sentences are reviewed for procedural and substantive reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). Miscalculation of the Guidelines range is a significant procedural error. Id. However, a sentence within a properly calculated Guidelines range is presumptively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

The district court's determination that a defendant is not entitled to an adjustment for acceptance of responsibility is reviewed for clear error. United States v. Knight, 606 F.3d 171, 177 (4th Cir. 2010). A guilty plea generally is an indication of acceptance of responsibility; however, conduct that results in an adjustment for obstruction of justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct," although in "extraordinary cases" both adjustments may apply. USSG § 3E1.1 cmt. n.4. The "question of whether a defendant who obstructed justice is entitled to an acceptance-of-responsibility reduction [is] largely a factual matter to be determined by the district court." Id. at 176.

3

McCright does not dispute that he obstructed justice, but merely states that the obstructive conduct occurred before the federal investigation and prosecution and argues that the district court did not consider all the relevant factors before overruling his objection.

The law in this Circuit and most others is that an adjustment for obstruction of justice applies when the obstructive conduct occurred in a prior state investigation or prosecution if it is based on the same facts as the later federal conviction. United States v. Self, 132 F.3d 1039, 1042-43 (4th Cir. 1997); see also United States v. Alexander, 602 F.3d 639, 642-43 (5th Cir. 2010) (collecting cases). The district court evaluated the evidence of McCright's acceptance of responsibility and concluded that, because it came late, rather than early, in his federal prosecution, McCright's was not an extraordinary case where both adjustments should be applied. We conclude that the district court did not clearly err in denying him a reduction for acceptance of responsibility.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4