# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 25, 2013

No. 12-20594
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SYNACA THOMAS,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-473-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Synaca Thomas pleaded guilty to conspiring to make and possess counterfeit federal reserve notes, making counterfeit federal reserve notes, and possession of a firearm by a felon. He was sentenced to consecutive sentences totaling 262 months. He now appeals, arguing that the Government breached his plea agreement, that the court applied the wrong Guideline to determine his base offense level, that the court erred by increasing his sentence for obstruction of justice, and that his sentence is unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20594

His claim that the Government breached its agreement not to oppose credit for acceptance of responsibility is reviewed only for plain error. *See Puckett v. United States*, 556 U.S. 129, 132-33 (2009); *United States v. Hebron*, 684 F.3d 554, 558 (5th Cir. 2012). Thomas must show a forfeited error that was clear and obvious beyond reasonable dispute and that affected his substantial rights; then we have discretion to correct the error if it seriously affects the integrity, fairness and public reputation of he judicial proceedings. *See Hebron*, 684 F.3d at 558.

Given that Thomas attempted to smuggle marijuana into the jail after his plea, it is not clear and obvious that the Government remained obligated not to oppose credit for acceptance. *See Puckett*, 556 U.S. at 135, 140 n.2. But even if we assume error, there is no showing that it affected Thomas's substantial rights. In light of his continued criminal activity, as well as his obstruction of justice that we address below, he was not entitled to this credit, and nothing in the record suggests that the court likely would have given such a credit, regardless of the Government's comments. *See Puckett*, 556 U.S. at 141-42; *Hebron*, 684 F.3d at 59; *cf. United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008) (noting that obstruction of justice typically precludes credit for acceptance of responsibility); *United States v. Rickett*, 89 F.3d 224, 227 (5th Cir. 1996) (denying credit due to continued criminal activity).

We reject Thomas's contention that, because his crime involved altering legitimate bank notes, the district court wrongly applied U.S.S.G. § 2B5.1 to determine his base offense level. That counterfeiting Guideline has been applicable to altered notes since 2009, and it was properly applied even though the conspiracy began before the effective date of the amended Guideline because Thomas continued to commit his crimes beyond its effective date. *See United States v. Olis*, 429 F.3d 540, 544-45 (5th Cir. 2005) (noting the applicability of amended guidelines to continuing offenses).

2

The district court also properly increased Thomas's sentence based on a finding that he obstructed justice by threatening potential witnesses and their child.  His reliance on *United States v. Lister*, 53 F.3d 66, 69 (5th Cir. 1995), for the proposition the obstruction increase applies only when the defendant is aware of an ongoing federal investigation is misplaced and outdated.  As of 2006, the Guidelines provide that the obstruction need only be "*with respect to* the investigation, prosecution, or sentencing of the instant offense of conviction" rather than *during* the investigation.  U.S.S.G. § 3C1.1 (emphasis added).  Under the current Guideline, obstruction "that occurred prior to the start of the investigation of the instant offense of conviction may be covered by this guideline if the conduct was purposefully calculated, and likely, to thwart the investigation or prosecution of the offense of conviction."  § 3C1.1, comment. (n.1).  In Thomas's case, the threats against witnesses were clearly and explicitly aimed at thwarting any investigation of his federal crime.  *See United States v. Alexander*, 602 F.3d 639, 641-42 (5th Cir. 2010) (finding the requisite nexus between hiding a firearm and a drug offense).  This contention is frivolous.

Finally, Thomas fails to show that his sentence was unreasonable.  As we have explained, his challenges to the guideline calculations lack merit.  His consecutive sentences within the proper advisory guideline range are presumed reasonable.  *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006) (applying presumption); *see also United States v. Candia*, 454 F.3d 468, 473 (5th Cir. 2006) (applying presumption to consecutive sentences); 18 U.S.C. § 3584 (authorizing consecutive sentences).  Thomas's invitation to adopt his assessment of the sentencing factors, including his arguments about sentence disparity, is directly contrary to the deferential review mandated by *Gall v. United States*, 552 U.S. 38, 51 (2007).  His disagreement with the district court as to the propriety of the sentence does not rebut the presumption of reasonableness.  *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

The judgment of the district court is AFFIRMED.