# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20169

United States Court of Appeals
Fifth Circuit

**FILED**

November 7, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SHONDA RENEE STUBBLEFIELD, also known as Shonda McGown,

Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Texas

Before JONES, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:

Appealing from one aspect of the sentence imposed on her after conviction for mail fraud, wire fraud, theft of public money, aggravated identity theft, and unlawful monetary transactions, Shonda Stubblefield contends that the district court erred in enhancing her sentence by two levels for obstruction of justice under U.S.S.G. § 3C1.1. We find no clear error of fact nor error of law and AFFIRM.[1]

From 2012 to 2014, Stubblefield requested and received almost $126,000 from the Houston-Galveston Area Council (H-GAC). H-GAC was distributing federal grant funds received from the Texas Department of Transportation

---

[1] Judge Haynes concurs in the judgment only.

(TDOT), and Stubblefield claimed to run a telework program eligible to receive such funds. In fact, she was running a fraudulent scheme, submitting false business information to gain the funds.

In late 2014, one of Stubblefield's submissions aroused suspicion in a TDOT reviewer. At TDOT's request, H-GAC began an audit. An H-GAC auditor visited Stubblefield's office and presented a written request for information, including for personnel files. Stubblefield did not produce personnel files, and documents that she did produce—including bank statements and a client list—were false. H-GAC cancelled the grant, and TDOT referred the case to the federal government, which launched an investigation. An indictment, trial, and verdict of guilt followed.

At sentencing, the probation officer who prepared the presentence report (PSR) calculated a total offense level of 24, including a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1. As the basis of this enhancement, the PSR identified that Stubblefield provided false documents to the "official investigation" into her fraud. Stubblefield objected that H-GAC's audit was not part of the "official investigation." The district court overruled Stubblefield's objection and sentenced her to seventy-two months in prison. Stubblefield timely appealed.

This court reviews a "district court's findings of fact for clear error and its interpretation and application of the [Sentencing] Guidelines de novo." *United States v. Gharbi*, 510 F.3d 550, 554 (5th Cir. 2007). "Where a factual finding is plausible in light of the record as a whole, it is not clearly erroneous." *United States v. Adam*, 296 F.3d 327, 334 (5th Cir. 2002).

The question presented is whether the district court's factual findings permit a sentence enhancement under Section 3C1.1. That section states:

> If (1) the defendant willfully obstructed or impeded, or attempted
> to obstruct or impede, the administration of justice with respect to

the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by 2 levels.

Stubblefield denies that she willfully acted to obstruct or impede the administration of justice.[2] She does not deny that she obstructed an H-GAC audit starting in late 2014. She contends, though, that H-GAC was not a governmental entity and that its audit was not then connected to any governmental investigation already begun. Thus, she argues, the obstruction-of-justice enhancement is inapplicable.

We disagree. We need not parse whether H-GAC, which conducted the audit, is itself a governmental entity, nor whether a state or federal investigation had begun. Under Section 3C1.1, as amended in 2006, the relevant question is whether the defendant willfully "attempted to obstruct justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." *United States v. Alexander*, 602 F.3d 639, 642 n. 3 (5th Cir. 2010) (quotation marks omitted). A district court may apply Section 3C1.1 to a defendant who (1) believed that there was or would be a governmental investigation and (2) acted to obstruct or impede that investigation. *See United States v. Lister*, 53 F.3d 66, 71 (5th Cir. 1995) (per curiam); *United States v. Brooks*, 681 F.3d 678, 716 n. 41, 717 (5th Cir. 2012). In this case, the district court may have plausibly inferred from the factual record that Stubblefield met those conditions. Thus, the district court did not clearly err and did not improperly apply Section 3C1.1.

In *United States v. Lister*, this court interpreted the pre-2006 text of Section 3C1.1 to "apply only to those cases where misconduct occurs with the

---

[2] Stubblefield does not dispute that she engaged in obstructive conduct related to her offense of conviction.

defendant's knowledge of an investigation, or at least with the defendant's correct belief that an investigation is probably underway." 53 F.3d at 71. In 2006, however, the United States Sentencing Commission amended Section 3C1.1. *Alexander*, 602 F.3d at 642 n. 3. Since then, this court has interpreted the section to "allow[] consideration of pre-investigation conduct." *Brooks*, 681 F.3d at 716 n. 41. Thus, under this court's precedent, Section 3C1.1 applies only if misconduct occurs with the defendant's correct belief that a governmental investigation is probably underway or will probably be underway. *See id.* at 716 n. 41, 717.

In this case, Stubblefield does not deny that misconduct occurred, and it is at least plausible that Stubblefield believed that a governmental investigation was probably occurring or would probably occur. In fact, a plausible case could be made from the record that Stubblefield obstructed the H-GAC audit while believing that both the state government and the federal government were investigating, or would investigate, her unlawful activities.

First, the record supports a finding that Stubblefield expected a state investigation. To start, Stubblefield signed three agreements to act "in accordance with state and federal laws and regulations," and such law at least suggests that H-GAC is part of the state government. Tex. Loc. Gov't Code, TEX. STAT. tit. 12, § 391.003 (1987); *Byrdson Servs. v. S. E. Texas Reg'l Planning Comm'n*, 516 S.W.3d 483, 484 (Tex. 2016); *Robinson v. Houston-Galveston Area Council*, 566 F. Supp. 370, 371 (S.D. Tex. 1983); *BCCA Appeal Grp. v. EPA*, 355 F.3d 817, 842 n.35 (5th Cir. 2003). Further, those same three signed agreements note the oversight of the State of Texas, and the last such agreement, as well as various records of payments made to H-GAC, includes the abbreviation "TDOT." Also, at least once, TDOT rejected Stubblefield's in-kind donation, information she likely received before she donated a substitute

in-kind donation.[3]  From this evidence, a district court could plausibly find that, when Stubblefield obstructed the H-GAC audit, she believed that she was obstructing a current or future state investigation.

Additional evidence points toward the possibility of a federal investigation.  Stubblefield submitted two applications which describe "(H-GAC's) Telework Incentive Program" as a "federal grant"; she signed three contracts with H-GAC that awarded her a "federal grant"; and she certified to H-GAC three times that she had secured local matches to "draw down available federal funds."  From this evidence, a court could plausibly conclude that, when Stubblefield obstructed the H-GAC audit, she believed that she was obstructing a current or future federal investigation.

The standard for affirming a district court's factual finding is low: "Where a factual finding is plausible in light of the record as a whole, it is not clearly erroneous."  *Adam*, 296 F.3d at 334.  The requisite factual finding in this case is that Stubblefield believed that she was obstructing a governmental investigation that was in progress or would be coming about.  In light of the whole record, that factual finding is plausible, and the district court did not clearly err in making it.

The judgment is **AFFIRMED**.

---

[3] The federal program required a grant recipient to supplement the grants up to a certain percentage by demonstrating their receipt of donations approved by the regulations.