# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 17, 2020

Lyle W. Cayce
Clerk

No. 19-30601
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FAYE ALICE BASS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:19-CR-64-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Faye Alice Bass appeals the sentence imposed following her guilty plea conviction for theft of government funds in violation of 18 U.S.C. § 641. She contends that the district court erred when it enhanced her sentence for obstruction of justice pursuant to U.S.S.G. § 3C1.1. Bass argues that the enhancement did not apply to her false statements to non-law enforcement personnel employed by the Social Security Administration (SSA) and that her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30601

false statements to the SSA special agents were insufficient to warrant the enhancement because there was no evidence that her misconduct significantly obstructed or impeded the investigation.

We review the district court's interpretation and application of the Guidelines de novo and its factual findings for clear error. *United States v. Stubblefield*, 942 F.3d 666, 668 (5th Cir. 2019). The district court's determination that a defendant obstructed justice under § 3C1.1 is a factual finding that we review for clear error. *United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008). "There is no clear error if the district court's finding is plausible in light of the record as a whole." *Id.*

Bass does not dispute that her statements were materially false or that she willfully attempted to obstruct justice. Although she argues that our analysis is limited to her statements to the SSA special agents, her earlier interactions with SSA personnel may be considered because the record allows for a plausible finding that her conduct was intended to thwart the SSA's active or future investigation into her theft of government funds. *See Stubblefield*, 942 F.3d at 669-70; *United States v. Alexander*, 602 F.3d 639, 641-42 & n.3 (5th Cir. 2010). Further, the fact that Bass's false statements may have also formed the basis of her offense of conviction does not preclude their consideration. *See* § 3C1.1, comment. (n.7); *United States v. Richardson*, 713 F.3d 232, 237 (5th Cir. 2013).

The record reflects that Bass's repeated false statements caused the SSA to expend additional time and resources to disprove her assertion that she and her husband were separated and no longer lived together. Bass's interaction with SSA personnel in 2014, together with her husband's coached responses, were intended to throw off the SSA's suspicions and delayed the SSA's official investigation by an additional four years, resulting in a greater loss to the

government.   In February 2018, the SSA assigned a technical expert to investigate Bass's possible fraud.  As a result of Bass's false statements to the technical expert, the SSA had to take the additional investigative step of sending agents to interview Bass at her home.  During this interview, Bass continued to lie and contradict her earlier statements.  Although the SSA special agents may not have believed Bass, they were forced to expend additional time and resources questioning her neighbors in order to disprove her claims.  In light of the foregoing, Bass cannot show that the district court's determination that her repeated false statements significantly impeded the investigation was implausible in light of the record as a whole.  *See United States v. Brooks*, 681 F.3d 678, 717 (5th Cir. 2012); *United States v. Phipps*, 319 F.3d 177, 191-92 (5th Cir. 2003).  Accordingly, Bass has not shown that the district court clearly erred in applying the obstruction of justice enhancement.  *See Juarez-Duarte*, 513 F.3d at 208.

AFFIRMED.