**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2620
_____

UNITED STATES OF AMERICA

v.

ALBERT MCCALL,
                              Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 2-17-cr-00341-001
District Judge:  Honorable Arthur J. Schwab

_____

Submitted under Third Circuit L.A.R. 34.1(a)
April 19, 2024

Before: HARDIMAN, PHIPPS, and SMITH, *Circuit Judges*

(Filed: April 22, 2024)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Circuit Judge*.

Albert McCall pleaded guilty to crimes relating to identity theft. He now appeals five components of his sentence. The Government appropriately concedes that the District Court plainly erred in its computation of the loss amount resulting from McCall's crimes under U.S.S.G. § 2B1.1(b)(1). We perceive no other error. We will therefore vacate McCall's sentence and remand with instructions as set forth below.

\*\*\*

McCall participated in an identity-theft conspiracy. He obtained credit reports and other personal information of individuals from a co-conspirator, seeking out the identities of particularly wealthy victims. McCall then used the personal identifying information of these wealthy victims to create counterfeit driver's licenses and credit cards which were used to apply for credit, make fraudulent purchases, and cash counterfeit checks. McCall "amassed a network of operatives" who "helped him execute the scheme" across multiple states, including his home state of Ohio. JA104.

McCall entered an open guilty plea to six counts of criminal activity relating to the scheme.[1] Before McCall's sentencing hearing, the Probation Office prepared a Presentence Report ("PSR"), which calculated a total advisory Sentencing Guideline Range. As relevant here, the PSR recommended a 12-level enhancement for a loss amount between

---

[1] The six counts were: (1) conspiracy in violation of 18 U.S.C. § 371; (2) transfer of false identification documents in violation of 18 U.S.C. § 1028(a)(2); (3) mail fraud in violation of 18 U.S.C. § 1341; (4) wire fraud in violation of 18 U.S.C. § 1343 (two counts); and (5) aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). McCall entered his open plea after a jury had been empaneled and both sides had presented opening statements.

$250,000 and $550,000; a 4-level enhancement for being a leader or organizer of extensive criminal activity; and a 2-level enhancement for the use of sophisticated means. The PSR also recommended a 2-level decrease in offense level due to McCall's purported acceptance of responsibility.

McCall filed objections, arguing, *inter alia*, that he was responsible for a loss of less than $95,000 and that the enhancements for being a leader or organizer of extensive criminal activity and for the use of sophisticated means were improperly applied. However, McCall did not object to any of the facts in the PSR's statement of the offense. The Government, in turn, raised three objections: first, that the correct loss amount was between $550,000 and $1,500,000; second, that McCall should have received an enhancement for obstruction of justice; and third, that McCall should not have received an offense-level reduction for acceptance of responsibility.

As relevant here, the District Court denied McCall's objections and granted the Government's objections. This appeal followed.[2]

### 1. Loss amount under § 2B1.1(b)(1)

McCall first challenges the District Court's application of a 14-level enhancement pursuant to § 2B1.1(b)(1)(h) based on actual and intended losses totaling more than

---

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. McCall timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review factual findings as to sentencing enhancements for clear error, and we conduct plenary review of legal rulings, including the District Court's interpretation of the Guidelines. *United States v. Caraballo*, 88 F.4th 239, 243 & n.2 (3d Cir. 2023). We review forfeited arguments for plain error. *United States v. Grant*, 9 F.4th 186, 199-200 (3d Cir. 2021) (en banc).

$550,000 and $1,500,000 or less. Several months after McCall was sentenced, this Court decided *United States v. Banks*, 55 F.4th 246 (3d Cir. 2022), which held that § 2B1.1 reaches only actual loss and does not apply to intended loss. *Id.* at 257.

The Government notes that McCall preserved this issue but forfeited the argument he employs on appeal. Nonetheless, the Government commendably concedes that the District Court plainly erred in including intended loss in the § 2B1.1(b) calculation. We agree and will therefore vacate McCall's sentence in light of *Banks* and remand for resentencing.[3]

### 2. Leader/organizer enhancement under § 3B1.1(a)

McCall further contends that the District Court erred in applying a 4-level organizer enhancement pursuant to § 3B1.1(a). McCall asserts that he was neither an organizer nor a leader of the scheme, but instead was merely a participant in the conspiracy who utilized organizational skills. "As used in § 3B1.1, an 'organizer' is a person who generates a coherent functional structure for coordinated criminal activity. Similarly, in § 3B1.1, a 'leader' is a person with high-level directive power or influence over criminal activity." *United States v. Adair*, 38 F.4th 341, 354 (3d Cir. 2022).

---

[3] The Government contends that we should instruct the District Court to impose a 12-level enhancement for a loss amount more than $250,000 and up to $550,000. Though the Government rightly points out that the District Court determined that McCall was "responsible for purposes of § 2B1.1 for each and every actual or intended loss" presented by the Government, JA100, we are unable to determine from the face of the record and with the requisite degree of certitude which of those losses were intended and which were actual. Thus, we direct the District Court to make findings of fact, setting forth with particularity the losses that may be considered post-*Banks*.

We perceive no error in the District Court's finding that McCall was an organizer and leader of the conspiracy. He not only described himself as "the main" conspirator, SA180, but *inter alia*, selected individuals to target for identity theft on the basis of their perceived wealth, directed a co-conspirator to obtain credit reports and other victim information, and described "sen[ding] [his] people out"—his "operatives"—to make fraudulent purchases. SA208, JA104.

### 3. Sophisticated means enhancement under § 2B1.1(b)(10)(C)

McCall also challenges the sophisticated means enhancement under § 2B1.1(b)(10)(C), arguing that his conduct did not involve the use of sophisticated means. The text of the Guideline directs that "[i]f . . . the offense otherwise involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means, increase [the base offense level] by 2 levels." U.S.S.G. § 2B1.1(b)(10)(C). "[A] sophisticated means enhancement is appropriate where a defendant's conduct 'shows a greater level of planning or concealment than a typical fraud of its kind.'" *United States v. Fountain*, 792 F.3d 310, 319 (3d Cir. 2015) (quoting *United States v. Fumo*, 655 F.3d 288, 315 (3d Cir. 2011)).

The District Court did not err in applying the sophisticated means enhancement. The District Court found that McCall not only purchased credit card and personal information from the dark web, but he also accessed individual victims' credit reports, applied for credit in victims' names and then purchased merchandise with said credit. In addition, McCall also manufactured and used credit cards and counterfeit driver's licenses.

5

McCall does not dispute these factual findings, and the District Court did not err in concluding that they constitute sophisticated means.[4]

### 4. Obstruction of justice enhancement under § 3C1.1

McCall further challenges the District Court's application of a 2-level enhancement for obstruction of justice under § 3C1.1. Pursuant to § 3C1.1, a 2-level enhancement is required if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction."

The District Court applied the § 3C1.1 enhancement based upon recorded conversations between McCall and a coconspirator in which—on the Government and District Court's reading of the record—McCall "provided instructions to coconspirators regarding what to do in the event that they [were] arrested and questioned about [McCall's] activities." JA 109. McCall argues that, in such conversations, he was merely exercising his constitutional rights and that a § 3C1.1 enhancement cannot be based on such actions.

---

[4] In one line of his brief, McCall argues that the enhancement is inappropriate because the District Court did not find that his conduct involved sophisticated means in the *concealment* of the offense. Nothing in the text of § 2B1.1(b)(10) requires that the sophisticated means must be employed in the concealment of the crime for the enhancement to apply. And our precedent makes clear that, to qualify for the enhancement, the offense need only involve "a greater level of planning *or* concealment than a typical fraud of its kind." *Fountain*, 792 F.3d at 319 (cleaned up) (emphasis added) (quoting *Fumo*, 655 F.3d at 319). We therefore reject McCall's contention that the District Court erred by applying the § 2B1.1(b)(10)(C) enhancement without explicitly finding that sophisticated means were used to conceal the offense.

We need not decide whether McCall's argument has merit because we can affirm the District Court's application of the enhancement on any basis supported by the record. *TD Bank N.A. v. Hill*, 928 F.3d 259, 276 n.9 (3d Cir. 2019). The record includes transcripts of recorded phone conversations in which McCall described his efforts to conceal evidence in his home in anticipation of a search. It does not appear that McCall disputes this characterization of the calls. Attempting to conceal evidence in anticipation of a search relating to the crime of conviction supports an enhancement under § 3C1.1. *See, e.g.*, *United States v. Mikulski*, 35 F.4th 1074, 1077-78 (7th Cir. 2022) (per curiam) (asking another individual to hide a firearm related to the offense of conviction out of fear that authorities would search his residence supports § 3C1.1 enhancement); *United States v. Alexander*, 602 F.3d 639, 641-42 (5th Cir. 2010) (same). The District Court therefore did not err in applying a 2-level enhancement pursuant to U.S.S.G. § 3C1.1.

### 5. Acceptance of responsibility under § 3E1.1(a)

Finally, McCall argues that the District Court erred in denying him a 2-level reduction for acceptance of responsibility. Under § 3E1.1(a), a defendant is entitled to a two-level reduction if he "clearly demonstrates acceptance of responsibility for his offense." The defendant bears the burden of establishing, by a preponderance of the evidence, his entitlement to such a reduction. *United States v. Muhammad*, 146 F.3d 161, 167 (3d Cir. 1998). In *United States v. Mercado*, we held that the consideration of post-

plea conduct was appropriate in determining whether a § 3E1.1(a) reduction was warranted.[5] *See* 81 F.4th 352, 354 (3d Cir. 2023).

The District Court based its denial of the § 3E1.1(a) reduction on the fact that McCall had filed a *pro se* motion to withdraw his plea of guilty, despite having record counsel at the time.[6] McCall's *pro se* motion alleged that trial counsel never presented him with a plea offer from the Government which would have allowed him to plead guilty on some counts and go to trial on others. At a hearing on the motion, McCall chose not to testify. He did, however, waive attorney-client privilege, thereby allowing his initial trial counsel to testify that the lawyer had indeed presented each of the plea offers he received from the Government to McCall. The District Court denied McCall's motion, finding that trial counsel "testified credibly" regarding his communication of the plea offers to McCall and that McCall's contrary claim was a "fabrication." SA91.

It is not clear whether McCall disputes the District Court's factual finding that, in essence, McCall lied to the District Court in attempting to withdraw his guilty plea. In any

---

[5] Specifically, applying the three-step framework set forth in *United States v. Nasir*, 17 F.4th 459 (3d Cir. 2021) (en banc), we held that the text of § 3E1.1(a) was "genuinely ambiguous," the Commentary directing courts to consider post-plea conduct was reasonable, and that the Commentary invokes the Sentencing Commission's substantive expertise. *Mercado*, 81 F.4th at 356-61. We therefore held that the District Court did not err in following the Guidelines Commentary and considering certain post-plea conduct to determine whether a reduction in sentence pursuant to § 3E1.1(a) was warranted. *Id.* at 361.

[6] McCall's initial trial counsel was still representing him at the time that he submitted his *pro se* motion, though counsel subsequently withdrew from the case. McCall was represented by new trial counsel at the evidentiary hearing that was held on his *pro se* motion.

event, the District Court's finding in that regard was not clear error. We have no reason to question it. McCall tries to cast his plea withdrawal motion as an attempt "to question 'process' as it relates to equity jurisdiction." McCall Br. at 31. But falsely representing the events surrounding the entry of one's guilty plea goes far beyond raising legitimate questions concerning process and is inconsistent with McCall's acceptance of responsibility for the offense conduct. The District Court therefore did not err in denying McCall a 2-level reduction pursuant to U.S.S.G. § 3E1.1(a).

***

For the reasons set forth above, we will vacate McCall's sentence and remand to the District Court. The District Court shall make findings of fact as to the amount of actual losses attributable to McCall's conduct and impose the appropriate enhancement accounting for such losses under U.S.S.G. § 2B1.1(b)(1).