# United States Court of Appeals for the Fifth Circuit

———————

No. 24-30287

———————

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Shannon Lamon Anderson,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:23-CR-180-1

———————————————————

Before Graves, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Shannon Lamon Anderson was indicted for possession of a firearm by a felon under 18 U.S.C. § 922(g)(1). The district court denied his motion to dismiss the indictment, and Anderson raises two arguments on appeal: (1) § 922(g)(1) is facially unconstitutional; and (2) the district court erred in assessing a two-level sentencing enhancement for obstruction of justice. We AFFIRM.

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30287

I

On February 4, 2023, police officers observed a driver of a white pickup truck, later identified as Shannon Lamon Anderson, drive recklessly through a parking lot, brandish a handgun outside of the driver's side window, and fire a shot in the air. Officers pursued the vehicle, conducted a traffic stop, arrested Anderson, and discovered a 9mm pistol in the console of his truck, noting that the barrel was still warm, indicating that it had just been fired.

Anderson was charged in state court with illegally discharging a firearm and possession of a firearm by a felon. Approximately three weeks after the incident, Anderson called an acquaintance from the Caddo Parish Correctional Center and attempted to coerce that person into signing a false affidavit stating that the pistol had accidentally gone off and that no one had intentionally pulled the trigger. Anderson stated that he would write the affidavit, that the acquaintance needed only to sign it and would not get into any trouble, and that the affidavit would possibly get Anderson out of jail. Anderson also discussed seeking an affidavit from the gun's registered owner (who was also the truck's owner) in which the owner would take responsibility for the gun.

On August 9, 2023, the government issued a federal indictment, charging Anderson with possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1). Anderson moved to dismiss the indictment, urging, as relevant here, that based on the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), § 922(g)(1) violated the Second Amendment on its face. The district court denied his motion. Anderson then pleaded guilty pursuant to a plea agreement in which he reserved the right to appeal the denial of his motion to dismiss the indictment.

No. 24-30287

The pre-sentence report assessed a base offense level of 20 and increased the level by four because Anderson committed the instant offense after a qualifying conviction for a crime of violence, and he used the firearm he possessed in connection with another felony offense, the illegal discharge of a firearm. U.S.S.G. § 2K2.1(a)(4), (b)(6)(B). It assessed an additional two-level enhancement for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, citing Anderson's attempt to have an acquaintance submit an affidavit falsely stating that the gun had accidentally discharged. Because Anderson had obstructed justice, the pre-sentence report denied him credit for acceptance of responsibility. It determined his total offense level to be 28, which, with a criminal history category of III, subjected him to a Guidelines range of 97–121 months' imprisonment.

Anderson objected to the pre-sentence report's assessment of an obstruction enhancement and refusal to award him acceptance credit for acceptance of responsibility, arguing that it should automatically apply after removal of the obstruction enhancement or, alternatively, that his case was one of the extraordinary ones in which acceptance credit should apply notwithstanding the obstruction enhancement.

The probation officer recommended that the objections be overruled. At sentencing, the district court adopted the pre-sentence report without change, overruling Anderson's objections. The district court sentenced him to the low end of the Guidelines range, 97 months' imprisonment, followed by a three-year term of supervised release. He timely appealed. Fed. R. App. P. 4(b).

II

On appeal, Anderson raises both his facial challenge to § 922(g)(1) and the two-level obstruction-of-justice sentencing enhancement. We review each in turn.

A

Anderson first contends that § 922(g)(1) violates the Second Amendment on its face because the statute does not comply with the plain text of the amendment and the Government has failed to identify a historical analogue to § 922(g)(1).

We recently denied an as-applied challenge to § 922(g)(1) and found the statute was "constitutional as applied to the facts" in *United States v. Diaz*, 116 F.4th 458, 472 (5th Cir. 2024). Because "'the challenger must establish that no set of circumstances exists under which the statute would be valid'" to prevail on a facial challenge, *Diaz*'s conclusion that the statute was constitutional in those set of circumstances prevents a facial challenge here. *Id.* at 471 (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)).

B

Anderson next contends that that the district court erred in assessing a two-level obstruction-of-justice enhancement. We review the district court's factual findings for clear error and its interpretation and application of the Sentencing Guidelines *de novo*. *United States v. Stubblefield*, 942 F.3d 666, 668 (5th Cir. 2019). The district court's determination that a defendant obstructed justice under U.S.S.G. § 3C1.1 is a factual finding that gets clear-error review. *United States v. Zamora-Salazar*, 860 F.3d 826, 836 (5th Cir. 2017).

Section 3C1.1 provides for a two-level enhancement if the defendant "willfully obstructed or impeded, or *attempted* to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction" where the "obstructive conduct related to . . . the defendant's offense of conviction and any relevant conduct" or "a closely related offense[.]" U.S.S.G. § 3C1.1 (emphasis added). Accordingly, § 3C1.1 applies even if the defendant merely attempts

to obstruct justice, as Anderson did here. *See id.*; *see also United States v. Girod*, 646 F.3d 304, 318 (5th Cir. 2011) (noting that the enhancement applies to attempted obstruction of justice).

Anderson argues that the obstruction enhancement was error, suggesting his attempt did not impact the investigation or prosecution of the instant offense—possession of the firearm, rather than *discharging* the firearm (for which he was indicted in state court)—because his conduct predated his federal indictment and did not involve an element of his federal offense. But Anderson's argument fails for three reasons.

First, he ignores evidence that the affidavit may have impacted the federal investigation. As the government notes, Anderson's proposed false affidavits attempted to cloud not only the issue of who fired the gun, but also whether Anderson ever even possessed it. Anderson even asked to have someone visit the parking lot and scout for cameras so that Anderson could be sure no video evidence would contradict the false affidavit.

Second, the fact that he attempted to have his friend sign a false affidavit *before* his federal indictment is of no consequence. Indeed, we have previously upheld a district court's finding of obstructive conduct under § 3C1.1 when a defendant induced a coconspirator to sign a false affidavit prior to the defendant's indictment, even if the affidavit was never used. *United States v. Milton*, 147 F.3d 414, 417–18 (5th Cir. 1998); *see also United States v. Guevara*, 595 F. App'x 273, 278–79 (5th Cir. 2014) (noting that the enhancement applies to attempts to produce false documents or records and that such attempts need not have had any impact on the investigation or prosecution of the offense to constitute obstruction). Accordingly, Anderson's argument that any false statement must cause "significant impediments" to the federal investigation is unavailing.

And third, although the discharge of the pistol was not an element of the federal charge—possession of a firearm by a felon—Anderson's attempt to avoid responsibility for discharging the firearm is "closely related" to the federal offense and relates to his sentence. In fact, the district court enhanced Anderson's sentence based on his use of the firearm in connection with another felony offense, the illegal discharge of the weapon—which Anderson does not seem to dispute. *See* U.S.S.G. §§ 2K2.1(b)(6)(B), 3C1.1 (requiring that the defendant's obstructive conduct relate to the offense of conviction and any relevant conduct or a closely related offense); *see also United States v. Miller*, 607 F.3d 144, 151 (5th Cir. 2010) (explaining that an obstruction of justice enhancement can be based on false statements "which could have had[] an influence on the relevant sentencing determinations").

Anderson has not demonstrated any clear error on the district court's part. *See Zamora-Salazar*, 860 F.3d at 836. As a result, Anderson's challenge to his sentence based on the application of the § 3C1.1 enhancement fails.

## III

Because Anderson cannot prevail on his facial challenge to § 922(g)(1), nor show that the district court clearly erred by applying the obstruction-of-justice sentencing enhancement, we AFFIRM.